E-FILED
Tuesday, 08 September, 2009  12:13:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFERY J. MITCHELL,
   Plaintiff,

vs.                                                   No. 08-1359

JAY MERCHANT, et. al,
   Defendants

## CASE MANAGEMENT ORDER

This cause is before the court for case management and consideration of various pending motions including the plaintiff's motions for appointment of counsel [d/e 2, 9, 14]; the plaintiff's motion in response to a court order [d/e 6]; various motions to amend the complaint [d/e 7, 10, 11, 12]; and plaintiff's motions for a status hearing and copies. [d/e 13, 16, 17].

### I. BACKGROUND

The pro se plaintiff originally filed his complaint on December 15, 2008. [d/e 1] On January 21, 2009, the court conducted a merit review of the plaintiff's complaint and found that it was a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* January 21, 2009 Text Order. The plaintiff had filed a "confusing array of documents" which included two standard complaint forms. *Id.* Each complaint named the same four defendants, but did not clearly state the claims against the individual defendants. The plaintiff was given directions for filing an amended complaint and additional time to comply with the court's direction. The plaintiff was specifically advised that his amended complaint "must stand complete on its own..." *Id.* The plaintiff was also instructed to list each defendant he intended to sue, state what he was accusing each defendant of doing and approximately when the events took place. *Id.*

The plaintiff filed a "motion responding to court order" stating that he had two cases: the current case, Case No. 08-1359, and *Mitchell v Hayden*, Case No. 08-1375. The plaintiff said he intended to file this all as one case, but the complaints were mistakenly sent to the court separately by a law clerk at Pontiac Correctional Center. [d/e 6]. Since the plaintiff used several different complaint forms, this likely lead to the confusion. The second case was therefore closed on February 18, 2009 and all motions in *Mitchell v Hayden*, Case No. 08-1375 were transferred to this case. *See Mitchell v Hayden*, Case No. 08-1375, February 18 2009 Text Order. The plaintiff's "motion responding to court order" asks again to combine his complaints into one case and is therefore denied as moot. [d/e 6]

1

When the clerk of the court filed all motions from *Mitchell v Hayden*, Case No. 08-1375, in this case, it included a motion to amend the plaintiff's complaint dated December 29, 2008. [d/e 7]. Since the motion was not filed in this case until the cases were consolidated in February of 2009, the court was unaware of this motion when it conducted its merit review in January of 2009. Nonetheless, the court notes that the plaintiff's motion to amend names 11 completely different defendants, and again states no specific allegations against these individuals The motion to amend is therefore denied. [d/e 7]

## II. MOTIONS TO AMEND THE COMPLAINT.

The plaintiff has now filed three motions to amend his complaint. [10, 11, 12]. The first motion is the only motion with a complete, proposed amended complaint attached. [d/e 10]. The other two motions ask add defendants [d/e 11] and amend the prayer for relief. [d/e 12].

The first motion to amend the complaint is granted, and the clerk will be directed to file the amended complaint. The second motion asks to add Internal Investigator Bradley and three unknown nurses to the list of defendants without clearly stating claims against these individuals. The plaintiff has not provided sufficient information and the court does not allow piecemeal amendments. The motion is denied. [d/e 11]. The motion to amend the plaintiff's prayer for relief is also denied. [d/e 12] The plaintiff has already stated that he is seeking damages in this case.

The court is still required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff's amended complaint is filed pursuant to 42 U.S.C. §1983 against eighteen defendants from the Pinckneyville Correctional Center including Warden Jay Merchant, Sergeants T. Hayden and P. Baker; Lieutenants Cecil Ruyan, Townley, DeBout and M. Turner; Correctional Officers Mason, J. Miller, C. Harman, C. Walls, C. Gaines, J. Phillips and Kowire; Major K. Decker; Administrative Review Board Member Sherry Benton; Grievance Officer T. Kisro and Illinois Department of Corrections Director Roger Walker.

There are several problems with the plaintiff's amended complaint. First, the plaintiff has failed to clearly identify his claims against each defendant. The complaint still contains several general allegations such as claiming unspecified "[d]efendants violated 14th amendment (due process)(equal protection)clause by knowingly knew that plaintiff health was in danger. By plaintiff bringing allegation of harassment, discrimination, denying me the proper medical treatment." (Comp, p. 10).

The plaintiff has failed to follow the court's specific instructions to clearly state what he is accusing each defendant of doing or not doing. The plaintiff has named eighteen individual defendants who work in several different capacities within the correctional center. Such general statements do not provide proper notice of the claims against them as required by Rule 8 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8. The court has already given the plaintiff an opportunity to clarify his claims. Therefore, the court can only identify those claims which refer to a specific defendant.

Second, the plaintiff cannot bring unrelated claims in a single case. In *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals stated that "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. *Id.* The court will consider the plaintiff's claims in the order he has presented them to the court:

COUNT I: The plaintiff claims on January 7, 2008, he filed a grievance complaining of several problems including harassment, discrimination and failure to provide proper medical care. However, the plaintiff says Defendants Walker, Benton, Kisro and Merchant violated his due process rights when they failed to "conduct an investigation on the grievance" and failed to stop the conduct alleged in the grievance.(Comp, p. 10) The plaintiff also says the defendants violated his equal protection rights because they failed to investigate his grievances claiming officers were harassing him and discrimination against him. (Comp. 9-11, 22-25)[1]

The time frame of this allegation is confusing. The plaintiff says he filed a grievance on January 7, 2008, but also says he filed this complaint in December of 2008 because the defendants failed to investigate his grievance. Nonetheless, the plaintiff has failed to state a claim upon which relief can be granted.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir.1982). Therefore, prison officials incur no liability under § 1983 if they fail or refuse to investigate such grievances. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.2005) (inmate's claim that prison officials failed to investigate his grievances that mail room and security staff was stealing his property was indisputably meritless because inmate did not have a due process right to an investigation).*Wilkins v. Illinois Dept. of Corrections*, 2009 WL 1904414 at 9 (S.D.Ill. July 1,

---

[1] Since the plaintiff has stapled several separate complaint forms together, the court has numbered the pages for reference.

2009)("Because inmates do not have a due process right to have their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was "inadequate" or "improper" does not state a constitutional claim.") Count I is dismissed.

COUNT II: The plaintiff alleges that on June 2, 2008, Defendants Ruyan, Becker, Harman and DeBout used excessive force against him in violation of his Eighth Amendment rights. The plaintiff says he was handcuffed and thrown face-first to the ground. He further alleges he was pulled by his hair and handcuffs to several different locations in the prison, punched in the ribs and repeatedly injured. (Comp, p. 14-17).

For the purposes of notice pleading, the plaintiff has adequately alleged a violation of his Eighth Amendment rights based on the use of excessive force. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain." *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 5. Relevant factors include the need for force, the relationship between that need and the force applied, the threat reasonably perceived by the officers, the efforts made to temper the severity of the force employed, and the extent of the prisoner's injury. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), *citing Hudson*, 503 U.S. at 7. "[W]hile significant injury is not required, a claim ordinarily cannot be predicated upon a *de minimis* use of force." DeWalt, 224 F.3d at 619; *see also* Outlaw *v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001).

The court notes that Count II of the complaint also contains the following list:

8th Amendment of the U.S. Constitution
Retaliation
Discrimination
Harassment

While the plaintiff has articulated a violation of his Eighth Amendment rights, simply listing the words "retaliation, discrimination and harassment" is not enough to put the defendants on notice of any other claims against them.

The remaining claims in the plaintiff's complaint are unrelated claims against different defendants:

COUNT III: The plaintiff says on March 8, 2008, Defendant Phillips engaged in a conspiracy by writing a false disciplinary ticket against the plaintiff. The plaintiff also say Phillips allowed Defendant Mason to deprive him of his showers and meals.
COUNT IV: On January 29, 2008, the plaintiff says Defendant Coke violated his First

Amendment rights by writing a disciplinary report against him for yelling. (Comp, p. 19) The court notes that the plaintiff has not named Coke as a defendant in his list of defendants.
COUNT V: The plaintiff says Defendant Redding violated his First Amendment rights by depriving him of meals. The plaintiff says Redding also trashed his cell by performed several shakedowns and wrote several false disciplinary reports against him. Again, Redding is not identified as a defendant in the list of defendants.
COUNT VI: On June 5, 008, Defendant Hayden came to the plaintiff's cell and made several threatening comment to the plaintiff. (Comp, p. 21)

The plaintiff will not be allowed to proceed on these claims. If the plaintiff wishes to pursue any of these allegations, he must file additional lawsuits. However, the plaintiff is advised that not all of these allegations may state claims upon which relief can be granted. For instance, it is doubtful the plaintiff can state a due process claim based on a false disciplinary ticket. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997); *see also Thomas v Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997). In addition, as the plaintiff was been previously advised, verbal harassment alone does not state a constitutional violations. *See* January 21, 2009 Text Order. Finally, the plaintiff must exhaust his administrative remedies for his claims BEFORE he files a lawsuit. *See* 42 U.S.C. §1997e(a).

The court will not assess a strike against the plaintiff pursuant to 28 U.S.C. § 1915(g). for these claims, but the plaintiff is advised that if he continues to include unrelated claims against unrelated defendants in the same lawsuit, he may incur strikes in the future for claims that are dismissed.

### III. MOTIONS FOR APPOINTMENT OF COUNSEL

The plaintiff has filed three motions for appointment of counsel. [d/e 2, 9, 14] The plaintiff says he has no knowledge of the law and has a low I.Q. The plaintiff also says he has attempted to hire an attorney with no success. Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

In this case, the plaintiff has presented no documentation to support his claim that he has a low I.Q. However, "it is too early in the case to make a determination whether plaintiff's claim is sufficiently meritorious such that appointing counsel would make a difference in the

case." *King v. Frank,* 328 F.Supp.2d 940, 950-951(W.D.Wis.,2004).

> Lawyers who accept appointments to represent pro se plaintiffs in civil cases are not guaranteed any compensation. Thus, before this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious. Further, the number of lawyers able to take court appointments is very limited. Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer. *Id* at 951.

The plaintiff's motions for appointment of counsel are therefore denied at this point in the litigation. [d/e 2, 9, 14]

### IV. VENUE

Finally, the claims in the plaintiff's complaint all involve events that occurred at the Pinckneyville Correctional Center. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Pinckneyville Correctional Center is in Perry County which is in the Southern District of Illinois. Therefore, the plaintiff should not have filed his lawsuits in the Central District of Illinois. If venue is improper the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406 (a). The court will therefore transfer the plaintiff's complaint to the Southern District of Illinois.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's "motion responding to court order" is denied as moot. [d/e 6]**

**2) The plaintiff's first motion for leave to file an amended complaint is denied. [d/e 7]**

**3) The plaintiff's second motion to amend his complaint is granted. [d/e 10] The Clerk of the Court is directed to file the attached complaint naming Defendants Warden Jay Merchant, Sergeants T. Hayden and P. Baker; Lieutenants Cecil Ruyan, Townley, DeBout and M. Turner; Correctional Officers Mason, J. Miller, C. Harman, C. Walls, C. Gaines, J. Phillips and Kowire; Major K. Decker;**

**Administrative Review Board Member Sherry Benton; Grievance Officer T. Kisro and Illinois Department of Corrections Director Roger Walker.**

**4) The plaintiff's additional motions to supplement his complaint are denied. [d/e 11, 12]**

**5) The plaintiff's motions for appointment of counsel are denied. [d/e 2, 9, 14]**

**6) The plaintiff's motions for a status hearings are denied as moot. [d/e 13, 16, 17] The plaintiff's motion for a copy of the Federal Rules of Civil Procedure is also denied. [d/e 13] The plaintiff should look for a copy of these rules in the prison law library.**

**7) This action is transferred to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a).**

Entered this 8th Day of September, 2009.

s\Harold A. Baker

———————————————————

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE