IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY J. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-705-GPM |
| | ) | |
| JAY MERCHANT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Jeffrey Mitchell, formerly an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

Mitchell's amended complaint (Doc. 19) is disjointed and difficult to follow.[1] However, he seems to have two major themes. First, he alleges use of excessive force by four officers on June 2, 2008. Second, he alleges a pattern of generalized harassment by other officers, as well as the failure of the administrative authorities to provide him with relief requested in his grievances. As discussed below, the claims of excessive force will proceed; all other claims will be dismissed.

### EXCESSIVE FORCE

Mitchell alleges that on June 2, 2008, he was dragged from his cell by Defendants Ruyan, Decker, DeBout,[2] and Harmon (Doc. 19, pp. 13-17). He states that they pulled his hair, punched him in the ribs, dragged him, stomped on him, and slammed his face forward.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore

---

[1] Mitchell filed this action in the United States District Court for the Central District of Illinois. After the amended complaint was filed, the action was transferred to the Southern District of Illinois.

[2] In the complaint, Decker also is referred to as "Beker" and "Deker," while DeBout also is referred to as "BeBout."

discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.

Applying these standards to the allegations in the amended complaint, the Court is unable to dismiss this excessive force claims at this time.

### OTHER CLAIMS

Mitchell alleges that on January 29, 2008, Defendants Phillips and Mason conspired to bring false disciplinary charges against him (Doc. 19, p. 18). However, he provides no information about this incident, neither the nature of the charges nor the final result of any proceedings related to this incident. Thus, he fails to state a claim upon which relief may be granted.

Mitchell next alleges that Officer Justin Coke (not named as a defendant in the caption or list of parties) violated his First Amendment right to free speech on January 29, 2008, by telling him to stop yelling (Doc. 19, p. 19). Such an allegation does not present a viable constitutional claim.

Next, Mitchell alleges that Officer R. Redding (not named as a defendant in the caption or list of parties) violated his rights under the Eighth Amendment by depriving him of meals (Doc. 19, p. 20). Mitchell does not allege how many meals were withheld, nor does he allege any harm to his health as a result. *See, e.g., Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (denial of food is not a *per se* violation of the Eighth Amendment); *see generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). He again fails to state a claim upon which relief may be granted.

Mitchell then alleges that on June 5, 2008, Defendant Hayden subjected him to verbal harassment and threats of harm (Doc. 19, p. 21). Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See DeWalt*, 224 F.3d at 612; *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *see also Antoine v. Uchtman*, 275 Fed.Appx. 539, 541 (7th Cir.

2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language."). Consequently, Mitchell fails to state a claim upon which relief may be granted.

Finally, Mitchell alleges that Defendants Walker, Benton, Kisro, and Merchant each failed to address his grievances or provide a proper remedy for all of these perceived injuries. However, Mitchell is not entitled to receive any sort of remedy for any particular grievance, nor does he have a protected liberty interest in even receiving a response to a grievance. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."). Thus, he fails to state a claim upon which relief may be granted.

### OTHER DEFENDANTS

Mitchell also lists Lieutenant Townley, M. Turner, J. Miller, C. Walls, C. Gaines, Officer Kowire, and P. Baker as defendants in the caption of his complaint. However, the statement of claim does not include any allegations against these defendants; they are dismissed from this action. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

### SUMMARY

**IT IS HEREBY ORDERED** that Defendants **BAKER, BENTON, GAINES, HAYDEN, KISRO, KOWIRE, MASON, MERCHANT, MILLER, PHILLIPS, TOWNLEY, TURNER, WALKER,** and **WALLS**, as well as all claims against them, are **DISMISSED** with prejudice from this action. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). Only Plaintiff's claims of

excessive force against Defendants DeBout, Decker, Harman, and Ruyan remain pending in this action.

**IT IS FURTHER ORDERED** that Plaintiff's motions for status (Docs. 23, 24) are **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **DEBOUT, DECKER, HARMAN,** and **RUYAN** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk of Court is **DIRECTED** to send Plaintiff **FOUR (4)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **DEBOUT, DECKER, HARMAN,** and **RUYAN**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **DEBOUT, DECKER, HARMAN,** and **RUYAN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall

furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has

not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). To clarify the above discussion, **Defendants need only respond to the allegations of excessive force presented on pages 13-17 of the amended complaint (Doc. 19).**

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice as directed will result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 04/15/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge